**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Konrad Schoebel,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-08006-PCT-DLR<br><br>**ORDER** |

      Plaintiff Eric Schoebel seeks judicial review of the Commissioner of the Social Security Administration's decision to deny his application for a period of disability, disability insurance benefits, and supplemental security income. Plaintiff argues that the Administrative Law Judge ("ALJ'") erred by failing to include limitations in the area of concentration, persistence, and pace in Plaintiff's RFC and in hypothetical questions to the vocational expert ("VE"), improperly discounting Plaintiff's symptom testimony, and improperly weighing the opinions of Plaintiff's nurse practitioner.

      The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The ALJ's determination will be upheld unless it contains harmful legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Having reviewed the parties' briefs and the administrative record, the Court reverses and remands for further proceedings.

1. The ALJ erred in failing to incorporate any additional limitation for concentration, persistence, and pace into the RFC. *See Lubin v. Comm'r of Soc. Sec. Admin.*, 507 Fed. App'x 709, 712 (9th Cir. 2013). The ALJ found that Plaintiff suffered moderate difficulties in maintaining concentration, persistence, or pace. (A.R. 22.) The ALJ, however, did not include this limitation in Plaintiff's RFC or in the hypothetical question to the VE. (*Id.* 24, 54-55.) "The ALJ must include all restrictions in the [RFC] determination and the hypothetical question posed to the [VE], including moderate limitations in concentration, persistence, or pace." *Lubin*, 507 Fed. App'x at 712 (citing 20 C.F.R. §§ 404.1545, 416.945; *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir.1989)).

Although the ALJ's RFC states that Plaintiff "can only occasionally understand, remember, and carry out complex and detailed job limitations," it is unclear whether this restriction captures the limitation in concentration, persistence, or pace found by the ALJ. The work described by the VE might still require the pace and concentration Plaintiff lacks. *See Brink v. Comm'r Soc. Sec. Admin.*, 343 Fed. App'x. 211, 212 (9th Cir. 2009). Because the ALJ's hypothetical question to the VE did not reflect all of Plaintiff's non-exertional limitations, "the expert's testimony has no evidentiary value to support a finding that [Plaintiff] can perform jobs in the national economy." *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991).

Plaintiff also challenges whether there is substantial evidence supporting the ALJ's mental RFC assessment that Plaintiff "can occasionally, understand, remember, and carry out complex and detailed job instructions" and "can only occasionally interact with co-workers, the public, and supervisors." (Doc. 12 at 17.) These findings are adequately explained and supported by substantial evidence. For instance, the ALJ gave partial weight to the examining psychologist and state agency psychologist who opined that Plaintiff had minimal limitations.

2. The ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's testimony concerning the severity of his symptoms. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Plaintiff reported that he gets anxious around people, has

trouble concentrating, has limited short-term memory, and has no attention span. Plaintiff also stated that on bad days he is bedridden, which happens three to four days a week. The ALJ reasonably found that Plaintiff's testimony was inconsistent with the objective medical evidence. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). For example, despite Plaintiff's contention that he had issues with attention span and concentration, Plaintiff's psychological evaluation and the overwhelming balance of his treatment notes demonstrate the opposite. The ALJ also reasonably discounted Plaintiff's testimony because it is inconsistent with his daily activities. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1221 (9th Cir. 2009). For example, Plaintiff testified that being around people caused him great problems and anxiety, yet he attended group-counseling sessions daily and enjoyed routine socialization.

3. The ALJ gave germane reasons, supported by substantial evidence in the record, for affording little weight to the opinion of Plaintiff's nurse practitioner, Salvacion Powell.[1] *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Powell opined that Plaintiff has slight limitations in his ability to understand, remember, and carry out short, simple instructions, and moderate limitations in making judgment on simple work-related decisions. (A.R. 796.) Powell also opined that Plaintiff has marked limitations in his ability to understand and remember detailed instructions, interact appropriately with the public, co-workers, and supervisors, and in responding appropriately to work pressures and changes in a routine work setting. (*Id.*) Based on these findings, Powell opined that Plaintiff would be off-task more than 30% of a normal workweek, he would be absent from work more than 5 days a month, and would be unable to complete an 8-hour workday more than 5 days a month. (*Id.* at 797.)

The ALJ reasonably discounted Powell's assessment because it was not supported by Powell's own treatment records. *See Molina*, 674 at 1111. For example, Powell observed that Plaintiff had normal speech, age appropriate memory, logical and coherent thought processes, and good concentration skills. The ALJ also reasonably discounted

---
[1] Powell is not considered an "acceptable medical source" as defined by the then-applicable regulations.

Powell's opinion because it was inconsistent with Plaintiff's daily actives. *See Canales v. Comm'r of Soc. Sec. Admin.*, No. 17-CV-993-PHX-JAT, 2018 WL 2213897, at *9 (D. Ariz. May 15, 2018). Finally, the ALJ discounted Powell's opinion because it was contradicted by Dr. Ashurt, an acceptable medical source. This is a valid reason to discount her opinion, *see Molina*, 674 F.3d at 1112, and is supported by substantial evidence.

Accordingly, the Court remands to the Commissioner so that the ALJ can clarify his RFC and hypothetical and determine whether Plaintiff is able to perform gainful employment in the national economy. *See, e.g.*, *Lubin*, 507 Fed. App'x at 712 (finding remand for further proceedings appropriate where ALJ did not include concentration, persistence, and pace limitation in RFC and hypothetical); *Lara v. Colvin*, No. 13-CV-1643-PHX-JZB, 2015 WL 1505817, at *9-10 (D. Ariz. Mar. 31, 2015) (collecting cases).

**IT IS ORDERED** that the Commissioner's decision is **REVERSED** and this action is **REMANDED** for further proceedings consistent with this order. The Clerk of Court is directed to enter judgment accordingly and terminate this case.

Dated this 29th day of March, 2019.

Douglas L. Rayes
United States District Judge